# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50969
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE EMMANUEL RIVERA-ALONSO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-30-3

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

Jose Emmanuel Rivera-Alonso entered a conditional guilty plea to one count of transporting and attempting to transport an undocumented alien within the United States. He appeals the district court's denial of his motion to suppress the fruits of a warrantless stop of his vehicle by Border Patrol agents, contending that there was no reasonable suspicion for the stop. Finding no error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50969

We review the constitutionality of the stops, including whether there was reasonable suspicion, de novo. *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). The evidence presented at a suppression hearing is viewed in the light most favorable to the prevailing party, which is the Government in this case. *See id.* Factual findings, including the district court's credibility choices, are reviewed for clear error. *United States v. Rangel-Portillo*, 586 F.3d 376, 379 (5th Cir. 2009).

In determining whether reasonable suspicion exists in the context of roving Border Patrol stops, we examine the totality of the circumstances and weigh the factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975). *Cervantes*, 797 F.3d at 329. The factors that may be considered include (1) the area's proximity to the border; (2) the characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) the driver's behavior; (6) particular characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers in the vehicle and their appearance and behavior. *Id.*

For the reasons articulated by the district court, the Border Patrol agents had reasonable suspicion to stop Rivera-Alonso's vehicle under the totality of circumstances, including the Border Patrol agent's experience, the suspicious behavior of Rivera-Alonso and his associates while under surveillance at a motel known to be a staging area for transporting illegal aliens, and the route Rivera-Alonso took in the van, which had passed through the Marfa, Texas checkpoint earlier that morning. While Rivera-Alonso contends that the facts are consistent with innocent tourism, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 277

No. 16-50969

(2002). "Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers." *United States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001). Considering the totality of these circumstances and the *Brignoni-Ponce* factors collectively, we are satisfied that there was reasonable suspicion to stop Rivera-Alonso's vehicle.

AFFIRMED.